Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Welcome to oral argument this morning. First case up is Amodeo v. Warden. We'll hear first from Mr. Kummer, attorney for the appellant petitioner. Your honors, my name is Rachel Kummer and I represent the appellant, Mr. Frank Amodeo. I respectfully request three minutes for rebuttal. The great writ of habeas corpus is fundamental to our constitution. If habeas corpus is to mean anything, it must mean that an individual who is factually actually through which he can challenge the legality of his detention. This court's precedent does not permit Mr. Amodeo to bring a freestanding claim of factual actual innocence through a section 2255 motion to vacate. His freestanding claim of factual actual innocence simply is not recognizable under that section. Counselor, you know the contrary position to your argument is it permits him to bring the claim, it just doesn't guarantee or even permit him to have a meritorious resolution of his petition. The same thing with a lot of claims. It doesn't mean you can't raise them. It just means that they're foreclosed by precedent. Your honor, I understand that that would be the corollary argument. We are not aware of a precedent squarely holding that he could bring a 2255 freestanding claim of factual actual innocence or that such a claim would be foreclosed on the merits under that provision. Our understanding of this court's precedent is that a freestanding factual actual innocence claim is not jurisdictionally cognizable in section 2255. Do you have any decision of this court holding that the court lacks jurisdiction to rule on the merits of such a claim? I would say that the closest your case that we have, your honor, is the Montana decision from the 11th circuit in 2005 and it is not a square but it is the closest holding or the closest case and in that court this in that case this court concluded that actual innocence claim is not a substantive claim cognizable under 2255 but would serve only to lift the procedural bar caused by the appellant's failure to timely file and there's a similar. That doesn't mean that doesn't mean the court lacks jurisdiction to entertain it. We entertain claims all the time and find they don't have any merit. I think, well, your honor, that is true and if this court were to squarely hold in this case that section 2255 did permit freestanding claims of factual innocence and then this report could resolve them on the merit as they found appropriate in that individual case, I think that that would be a reasonable resolution here but your case law as far as we understand it under your court's precedent we don't believe that section 2255 claims are cognizable on a motion to vacate and it's for that reason that we believe that they should be accessible in the savings clause in the 2241 petition for habeas corpus. You would be satisfied with the holding of this court that they're cognizable, they just simply lack merit? I'm not sure that I would find myself satisfied by that, your honor, but I think that it would be a jurisdictional holding that could be a reasonable one here. Our view is that a freestanding claim of factual actual innocence is a claim that would be meritorious. We understand that the Supreme Court has not determined whether a petitioner or whether a prisoner could be entitled to habeas relief on a freestanding claim of actual innocence but we think that they should be because... Excuse me, I'm going to let you have your argument in a moment, but what about Johnson where we held in a 2054 claim that actual innocence lacked merits? You can't grant federal habeas relief on a claim of actual innocence at least in non-capital cases. Why would we hold that in 2254 but not in 2255? If it lacks merit in 2254 because it doesn't violate the constitution, why wouldn't it lack merit in 2255 because it doesn't violate the constitution? Well, your honor, our understanding and our view is that a freestanding claim of actual innocence has to be cognizable under habeas because justice demands that we protect the scope of constitutional protections for the innocent and truly the point of habeas corpus is that if someone is factually actually innocent, not legally actually innocent, but factually actually innocent of a claim, he shouldn't be held in prison for a crime that he did not commit. I mean, the Supreme Court has identified key examples of... I mean, the key example of a factual actual innocence claim would be where you say, this person was in Alabama at the time that someone was actually shot in Georgia. They're factually actually innocent. That kind of claim, we believe, must be cognizable under the constitution because the great writ is fundamental and the point of the great writ is to make sure that we have a sufficient defense to personal freedom. If you're factually actually innocent, you shouldn't be incarcerated for a crime you didn't commit. And for that reason, we believe that the district court erred by dismissing Mr. Amadeo's section 2241 petition for habeas corpus for lack of jurisdiction. The 2255E saving clause, we don't believe it to be limited to the handful of illustrative examples discussed by this court in MacArthur as potential grounds for a section 2241 claim. On the contrary, we believe that in this court, that this court in MacArthur overturned its prior precedent and announced a rule of general applicability grounded in the text of the statute for determining when the saving clause applies. And the saving clause would apply when, as here, section 2255 is inadequate or ineffective to test the legality of his detention under a freestanding claim of actual innocence. Counsel, this is Robert Luck. I tend to agree with you that the list is illustrative and it's not exclusive. Certainly, we use the terms for example in describing it, meaning that there potentially are other examples. But it would seem to me that any other additional examples would have to be like those that are there. In other words, those where 2255 cannot or is unable to provide a remedy, not relief, as Judge Carnes ably asked questions about, but isn't able to provide a remedy. For example, because it's a jail credit because the sentencing court no longer exists or no longer has jurisdiction or there's multiple sentencing courts, something like that. How can an actual innocence claim be like that? In other words, doesn't 2255 afford a remedy but not necessarily relief? Now, Your Honor, we don't believe that under this court's precedent that section 2255 does provide a remedy. We think, I mean, as the Riggs Court and the Northern District of Alabama has said, it's not cognizable in a 2255 motion. And that's our reading of your case law. The counsel in all the opinions, and we can go through the litany of them, at no point do we ever dismiss for lack of jurisdiction. In other words, do we say that this court doesn't even have the jurisdiction to hear that kind of claim, like the examples in McArthur, right? I think that is correct, Your Honor. We don't have a clear precedent from this court saying we don't have jurisdiction, but this court has also never concluded that one of those claims was cognizable, which, and I think it's clear from the- Although it's never concluded that the claims are successful or that relief can be given in 2255. But McArthur is clear to distinguish between whether relief is available versus whether someone can bring, whether a remedy is available or can bring a remedy or whether it's an adequate remedy, unlike those examples that were given in McArthur. Well, I agree with you, Your Honor, that in McArthur, this court held that a prisoner is guaranteed access to a procedure, and that's exactly where I started this argument. You're right. Prisoners are certainly not guaranteed access to relief that would undermine their need to prove their claims one way or the other or the grounds for their relief, but they must be entitled to a procedure and to a remedy. So in our view, and I mean, it's a fundamental pretext to our argument for habeas corpus here, is our reading of the court's precedent that in case law is not providing a remedy through 2255 in which one could bring a freestanding claim of actual innocence. If this court determines that in point of fact, one could bring a freestanding claim of actual innocence in 2255, I mean, I think in that case, you aren't able to access the saving clause. That's just not our understanding of the law. So I think that's we would come down. Does the court have another question or should I continue? Continue. Okay. So I think the key comments from the court holding in McArthur are that a prisoner must be, that claims that are not cognizable or that cannot be remedied under section 2255 can be heard in the savings clause. Now, we just truly believe that justice demands that we protect the scope of this constitutional protection here. Mr. Amadeo is factually actually innocent. I think it's worth noting that no, that the district court, because they dismissed on jurisdiction have not considered the merits of his claim at all. And, but his claim is an actual type of factual, actual innocence. Whereas a prototypical type of factual, actual innocence would be, I wasn't in the place at the time. I think his type of claim is similar to one that the A circuit considered in Jones versus Delo in 1995, where they concluded that you could actually be factually innocent of a claim if you're the right person, but you're not guilty of the charge because you were unable. Thank you. Because you were unable to deliberate and thus therefore could not form the appropriate mens rea, which is an element of the crime, that that would be a form of factual, actual innocence and not rather than a form of legal, actual innocence. Ms. Cummings, let me ask you this. If you could bring and obtain relief on a claim of actual innocence through 2241 because of the saving clause, how often could you bring it? I think that that would be a question of exhaustion and sort of a question of procedural with respect to reis judicata and other principles in that regard. So I would say once. Once your actual claim was ruled upon, I think you would only be able to bring it once. Where would you, the limitations on 2255 and 2254 are written in statute, where would you get the limitation on 2241? I think you would get it from general principles of reis judicata and collateral estoppel and the like. Once your claim has been resolved, it's been fully and finally resolved in the habeas corpus. That claim has been either granted or denied on the writ. And what would be the time limitations on bringing it? When would you have to bring it? Well, so I think that that is an unclear question, Your Honor, and I don't have a solid response to a time limitation. I think if you were to have new evidence that would arise, you would be able to bring it in the future. But if it's a freestanding claim, I think that you should bring it promptly. Are you barred if you don't bring it promptly? I'm going to say that you would not be barred if you don't bring it promptly if you've been attempting to exhaust other avenues for relief. Am I saying my time is exhausted for now? Oh, go ahead. Counsel, that's all right. Let me ask you this question. Suppose you haven't been attempting to exhaust others. Just 15 years after the fact, you file a claim, you've got no excuse for not cognizable in 2255. Therefore, I can bring it in 2241. 2241 doesn't have a statute of limitations. Let's adjudicate. What's the response to that? I think if someone has, I think in most instances, if a person had not brought a claim in that long and they had no new evidence, the likelihood that they had a meritorious claim would be slim. But I think the court would be able to quickly resolve it. So if they heard the case, it would be quickly resolved. I don't think that would be a waste of judicial resources. And I think the most important thing we can do here is to protect habeas corpus for people who are actually innocent. So that would be our response at this time. Thank you, Ms. Comer. And I apologize for saying, Ms. Jarrett, so early in the morning, my coffee is just kicking in. I'm not in the least bit insulted, Your Honor. Thank you. We'll hear now from Ms. Bodner. May it please the court, Roberta Bodner for the warden. The Section 2255 remedy was fully capable of adjudicating Amadeo's claim that his incompetency eliminated criminal intent because a prisoner convicted of a federal statute is free to argue in his first Section 2255 motion that he has been imprisoned for an act that the law does not make criminal. That is the cognizability standard that was developed first in carried through an ad misio in Hill and reiterated by our court in Spencer. This kind of claim, as the court has pointed out, is subject to a host of procedural defenses. So it almost always is insufficient to merit relief. Yeah, but counsel, how do you, this is Robert Welk, how do you square that with the multiple statements in the 2254 and 2255 context in the first habeas and successive habeas context in the death penalty and non-death penalty context that this kind of claim is, doesn't exist or is, doesn't square with our precedent or Supreme Court precedent or cannot be brought any number of ways that we've said it over the years with Davis and those cases that you said, that you stated? Your Honor, what I would say is that the cases that we've all cited here with the possible exception of Harris, and I'll get to that in just a second, all of the cases that use the term freestanding actual innocence, and I'm talking about Herrera and Osborne and McQuiggan and Rizal and Mize, just to name a few. These are all Section 2254 cases. And the reason that the concept of freestanding actual innocence makes sense and has relevance in a Section 2254 case is that federal habeas courts do not retry state cases. We're only concerned about whether a state prisoner is incarcerated in violation of the federal Constitution. There has to be a federal question. When a federal prisoner is incarcerated... And I had that thought too, frankly, as I was going through all of this, but how do you square that with Montana, which is a case that your opponent refers to in brief, but you don't cite in the red brief, and as you note, footnote five of Harris, which are 2255 cases. Okay, first with Montana. Montana could not have sent the case back to the district court for resolution if the actual innocence claim were one that the court had no jurisdiction to consider. Second, Montana is a defendant who had pleaded guilty and then later came back with a Bailey-type claim in his Section 2255 motion. And the court said that it was characterizing the claim as an attack on the guilty plea in order to consider it because the prisoner had waived the claim by pleading guilty. Counsel, isn't that exactly what we have here? Yes, it is. Yes, it is, because Amadeo waived this claim. That is a procedural problem, a procedural defense. It does not mean- But counsel, except that in Montana, we state actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar in a 2255 motion. Right, but Montana could not contradict Davis, Your Honor. It could not. The claim that someone is in prison for an act that the law does not make criminal is cognizable- So Montana is wrong? No, Your Honor. I believe that what Judge Carnes pointed out at the beginning, that Montana discusses the procedural defenses because these claims are almost always insufficient to merit relief. That does not mean they're not cognizable. Okay. I probably agree with you that there's a difference between what is cognizable and what is subject to relief because it's not a claim with which that we grant relief on. I see the difference there between cognizability and granting a meritorious claim. But we state in Montana that an actual innocence is not a substantive claim. And then in Harris, we state that 2255 is not an invitation to file freestanding claims of actual innocence. Indeed, we then quote the very precedent from 2254 from Jordan. That's correct, Your Honor. But that footnote in Harris is also characterized as a sufficiency to grant relief. It's not clear to me that it's talking about cognizability. Also, the footnote in Harris, it has to be dicta because Harris himself brought Fifth and Sixth Amendment claims. And finally, even if Harris had not had Fifth and Sixth Amendment claims, and even if it were not dicta, that statement in Harris could not contradict Davis because the Supreme Court says that a claim that you've been in prison for an act that the law does not make criminal is cognizable. The problem with that counsel is that it may be dicta or not, but if it's not dicta and Montana is not dicta, then when we have a case post a Supreme Court case, that's our gloss on the case. We don't read those cases to suggest that our later cases are inconsistent with a Supreme Court case. So those later cases are void or they're wrong or we don't decide them that way. That is our gloss on Davis. Well, I understand that, Your Honor. But again, I do not read Harris as saying it's not cognizable because Harris talks about relief and McCarthan makes clear that relief is not the same thing as remedy. Also, Zelaya was decided a month before Harris. And in Zelaya, this court rejected the defendant's resort to Section 2241, saying that his claim of actual innocence could have been brought and should have been brought in the first Section 2255. Amadeus could have been too. There was no impediment preventing him from arguing in his first Section 2255 motion, his second or his third, that he was actually innocent because his bipolar disorder prevented him from forming criminal intent. And you know what? There's nothing special about a claim of actual innocence based on the lack of criminal intent. Right now, there are a host of prisoners all across the country bringing Section 2255 motions based on rehafe, saying they lack the sufficient knowledge to form the right intent to violate the federal firearm statute. And those are not constitutional claims necessarily either. They might be framed as some, just as Amadeus might have been framed as one. But it is a statutory claim under Davis. And the Supreme Court has said that claim is cognizable in a Section 2255. The same is not true with respect to 2254. And if you look at the statute, the statutory text of 2254 and 2255 make that distinction. And actually, it's 2244, 2244B, the provision that authorizes this court to grant a successive state habeas petition based on a claim of actual innocence allows that prisoner to bring a successive petition when newly discovered evidence, if proven, would establish by clear and convincing evidence that but for a constitutional violation, no fact finder would have found the applicant guilty of the underlying offense. The federal provision in Section 2255-H1 is very similar, but it lacks the terms but for the constitutional violation. It's not in there. It does require newly discovered evidence. And that is another reason why Amadeus cannot bring this Section 2241 petition. In McCarthan, this court held that a defendant could not bring a claim based on a change in statutory law under 2241 because Section 2255-H2 addresses the ability to bring a claim based on a change in the law and it limits those claims to constitutional claims. Here, Amadeus was trying to bring a claim based on actual innocence, but it's not newly discovered. He knew about this before he entered his guilty plea. That claim is foreclosed. It is within the scope of Section 2255, but it does not fit Section 2255-H1 and this court has not authorized it. So, the district court was entirely correct in ruling that it lacked jurisdiction to consider this claim. I'm not sure how the citation and discussion of 2255-H and 2244 and the 2254 context is relevant when those are gateway issues to get to second and successive petitions. Those don't refer to, as I understand it, freestanding actual innocence claims, do they? Your Honor, my point is that a freestanding actual innocence claim has... Well, answer my question first and then you can tell me your point. I'm sorry, Your Honor. I was trying to answer the question. I believe that... Let me rephrase it so that I can answer. 2255-H deals with instances where you walk through the gateway in order to allege a successful 2255 claim, correct? 2255-H is the provision that would allow someone to bring a successive petition, yes, Your Honor. Right. It has nothing to do with a freestanding actual innocence claim, right? Your Honor, if the term freestanding actual innocence refers to a claim without a constitutional basis, then yes, I do believe it comes in under 2255-H1. It just depends on newly discovered evidence. I don't understand that. I thought H is dealing with second or successive applications and when they may be permitted. That's... Yes, Your Honor. Your position seems to be 2255-H authorizes relief as opposed to just simply tells you when you can permit it. Oh, I'm sorry, Your Honor. I did not mean to suggest that at all. What I'm saying is that since Section 2255-H limits the availability of a successive petition based on actual innocence, to newly discovered evidence, Amadeo's claim of actual innocence, whether he characterizes it as freestanding or not, is not cognizable in a Section 2241 petition because it is within the scope of Section 2255. All right. Let's say you're representing a petition and the district court judge has 2255-H. Please be specific to the parts. What provision authorizes relief if he can prove in this proceeding he is actually innocent? You wouldn't say 2255-H, would you? No, Your Honor. What I would say is that assuming this court has authorized a successive motion, then... No, I'm sorry. I'm sorry. Let's clear this up. First motion. First motion. All right. What I'm saying... What authorizes... You present one claim and it's actual, factual innocence. Yes. And the judge looks at you and said, where do I find that in 2255? Well, I would say that the clause in 2255-A that permits relief based on a violation of the Constitution or the laws of the United States authorizes relief when it is a claim that the prisoner is incarcerated for an act that the law does not make criminal. Yeah. I would assume that's your best answer, and I thought it would be your answer. You would say incarcerating someone or continuing the incarceration of someone and having a sentence that was imposed on someone who is actually innocent violates Constitutional laws of the United States. And the judge's response would be, okay, if it does, then it's authorized under 2255-A. But I don't think it does, or I do think it does. But in any event, he would test your claim that it did violate the Constitution. Yes. I think that's your best position. Your Honor, that is our position. That is our position that this is a claim... Two minutes remaining. Go ahead. This is a claim that could have been brought in a first Section 2255 motion. Because of that, because the standard articulated in Davis, reiterated in Spencer, permits a defendant to bring that claim in a first Section 2255 motion, this was cognizable. And because it is within the scope of Section 2255, 2251 is absolutely not permitted. I don't believe that using the term freestanding to articulate this claim is informative at all, because the class of claims that someone is making criminal is not necessarily constitutional. Davis makes that clear. And if the court limits a freestanding claim that defines that as a claim that lacks a constitutional basis, then we fail to encompass the types of claims that Davis says are allowable, and that we know the court has considered in other contexts. I mean, Zelaya says flat out, that actual innocence claim should have been raised in a 2255. And Montano sends the actual innocence claim back to the district court to consider. If as a matter of jurisdiction, the court were not permitted to do that, then it would never have been sent back. These claims almost always fail. That is a matter of relief, not remedy. As a practical matter, Amadeo has consumed all the judicial resources that the statute permits him. The district court lacked jurisdiction. And for that reason, I would ask this court to affirm. Thank you. Ms. Kummer, three minutes. In contrast with the government's position, the district court did not dismiss this case as procedurally disbarred. The court dismissed it as a lack of jurisdiction based on a misinterpretation of this court's opinion in McPherson. This court's precedent provides, as far as we can read them, that actual innocence claims are not cognizable under 2255. That it's not a, quote, substantive claim. You would be cognizable there. Ms. Kummer, would you agree with me that putting aside our precedent momentarily, that the statute itself permits these claims and provides a remedy if a court determines that sentencing someone who is actually innocent is a sentence imposed in violation of the Constitution or laws of the United States? Would you not? The text says that that remedy exists under 2255, first time. Let's put aside the second time. If actually, actual innocence means that the sentence was imposed in violation of the Constitution. I believe that actual innocence would be, incarcerating someone who is actually innocent is in violation of the Constitution. So I could, I could, I'm sorry, that's not my question. That's not my question. My question is, if you persuade a court, or you persuade this court, or the Supreme Court, that continued incarceration, because by the time you get to 2255, generally it's continued incarceration, based on a sentence of someone who is actually innocent, actually innocent, violates the Constitution of the United States, then 2255A provides a remedy? I was just getting to my answer to that, which I believe is yes. If that were to be, if this court were to in fact hold that 2255 does in fact provide a remedy, it would fall under subsection A because it would be in violation of the Constitution or the laws of the United States to continue to hold someone who is factually actually innocent. I would agree with that. That's just, as far as we can tell from this court's precedent, the law right now in the United States would have access to the savings clause. And I think reliance on footnote five, and Harris, I would like to respond briefly to the government's argument that he, that Harris doesn't have anything to do with cognizability. I would say that the first sentence in footnote five says Harris strenuously disputes that his claims are cognizable. I mean, I think that's, that's where this comes down. There has to be a way for a prisoner to bring a freestanding factual, actual innocence claim, because that is the heartland of habeas corpus. And it's either under 2255, or it's in 2241. If we understand this court's precedents to conclude that you can't bring a claim under 2255, therefore under McCarthin, it would be through the saving clause in a 2241 motion. But if it's in 2255, and it's cognizable, so be it. That that's good. He will be able to bring the claim and demonstrate their innocence in the district court. But here, the dismissal on jurisdictional grounds is inappropriate. And we respectfully request this court reverse the district court and send back to send this case back to the district court to consider Mr. Amedeo's claim on factual, actual innocence on the merits for the first time. Okay, thank you. Appreciate that. That argument was helpful, both sides. And Miss Kummer, we appreciate you taking the CJA appointment in this case. Thank you. You're welcome.